[No. 1661.  Decided July 17, 1895.]

LIZZIE M. CURRY AND JOHN CURRY, *Respondents*, v. JEROME CATLIN, *Appellant.*

APPEAL — SUPPLEMENTAL RECORD — WRONGFUL ATTACHMENT — DAMAGES — INSTRUCTIONS.

Under Laws 1893, p. 117, § 15, the supreme court must take cognizance of matters brought before it by a supplemental record supplying the deficiencies of the original record on the appeal.

In an action for damages for wrongful attachment the measure of damages, where a sale of the goods levied on had been negotiated

prior to attachment and the completion of the contract had been prevented by the levy, is the price of sale agreed upon and not the market value of the goods.

The refusal to give instructions asked is not error, when the same matter is substantially covered by those given by the court.

*Appeal from Superior Court, King County.*

*Relfe & McCutcheon,* for appellant.

*Thompson, Edsen & Humphries,* and *Ronald & Piles,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—The respondents brought suit against appellant for attaching the property of the respondents, which attachment suit was dissolved by the superior court of King county. The jury in this action found that the respondents had been damaged by reason of the proceedings in the attachment suit in the sum of $1,200. On the overruling of the motion for a new trial and the entry of judgment on the verdict, the appellant appealed to this court.

The first argument of the appellant is that the court erred in giving the jury the sixth instruction asked by the plaintiffs and in not giving certain instructions asked by the defendant. It is claimed by the respondents that the record in this case does not show that there was any instruction marked No. 6, the exception of the appellant being, "I desire to save an exception to the refusal of the court to give the third and fourth instructions asked for by the defendant. Also to the instruction given by the court marked number 6 and seven, given by the court.".

The record fails to show any numbering of the instructions by paragraph or otherwise, and in the record proper there are no instructions whatever asked

for by the defendant. After the filing of the original record, however, a supplemental record was brought up by the appellant, certified to by the clerk, showing that the instructions had actually been numbered, and in the supplemental record the instructions asked for by the defendant are incorporated. Under § 15, page 117, of the Laws of 1893, we think it becomes the duty of this court to take cognizance of this supplemental record; but, considering the exception properly taken we think the instruction No. 6 complained of states the law. The instruction was as follows:

"I instruct you that if you find from a preponderance of the evidence that the plaintiffs had sold their hops to a purchaser before they were attached, and such purchaser was to pay twenty cents per pound for said hops, or for a portion of them, and would have so purchased and paid for them if they had not been so attached, and that by reason of such attachment the plaintiffs lost the benefit of such sale, and were afterwards unable by diligence to sell said hops for as much as such purchaser would have paid, then it does not matter what the actual market value of such hops were at the time of such attachment. The plaintiffs were entitled to the benefit of the sale they had made."

It is contended that this instruction misled the jury as to the true measure of damages, and that it was inconsistent with the other instructions given. It certainly stated the true measure of damages, for while the market value is the value which is to be determined in the absence of a sale, yet the value is the fundamental rule, and the market price is only one of the evidences of this value; and the value as between plaintiffs and defendant may, according to circumstances be higher or lower than the market. 2 Sedgwick, Damages, § 433.

It is the duty of the party taking the property of

another to make reparation to the party who turns out ultimately to be injured, by placing him, as to the property, in the same situation in which he was before the trespass was committed. As was said by the court in *Conard v. Nicoll*, 4 Pet. 291, the jury should give the plaintiff such damages as he had proved himself to be justly entitled to on account of any actual injury he had proved to their satisfaction he had sustained by the seizure and detention of the property levied on.

We do not think there is any controversy in the law on this subject, and it is evident that in this case if the plaintiffs had sold their hops for twenty cents a pound, that, as to them, was the actual value of the hops, and it made no difference to them what the market value might be. This instruction, of course, was based on the supposition that the jury should find that the hops had actually been sold for that price. We are not able to see that it conflicts with any other instruction given.

The third and fourth instructions asked by the defendant were rightly refused by the court. The court had already in substance instructed the jury that in this action the burden of proof was upon the plaintiffs to show by a preponderance of the evidence that at the time the writ of attachment was sued out by Catlin there was no just or reasonable cause for the same, and that Catlin had no reasonable or probable cause at the time to believe that Curry was about to dispose of his property with intent to defraud his creditors, and that unless the jury found from the evidence that no such reasonable or probable cause existed they should find for the defendant. This is as far as the instructions should have gone, and substantially states what was asked for in defendant's request No. 4.

This case is principally a case of facts, rather than

of law.   The facts were bitterly contested and the evidence is painfully conflicting, but the issues, so far as the facts were concerned, having been determined by the jury under proper instructions by the court, such determinations will not be disturbed by this court.

The judgment will therefore be affirmed.

HOYT, C. J., and ANDERS, GORDON and SCOTT, JJ., concur.